FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 5 - 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHANNING SOLOMON,

                Petitioner,

    -against-

EXECUTIVE OFFICE US MARSHALS,
GEO GROUP (GOV'T CONTRACTOR),
DIRECTOR BOP, UNKNOWN GOV'T
CONTRACTOR(S),

                Respondent.
----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

11-CV-1350 (BMC)

**COGAN**, District Judge.

Petitioner Channing Solomon, currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York ("MDC-Brooklyn"), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging "illegal confinement." The Court directs petitioner to show cause why the petition should not be dismissed as premature within thirty days as set forth below.

## BACKGROUND

Petitioner's application, dated March 10, 2011, appears to challenge a hearing that was held "on March 9, 2011 . . . in 'ABSENTIA'. . . ." Petitioner also refers to an "illegal arrest" by United States Marshals, a "'FALSE & or INACCURATE REPORT' by gov't agents," and delayed access to medical care. Petitioner notes that a "BRIEF WILL FOLLOW & EXHIBITS . . . after issuance of DOCKET #." In addition, petitioner includes a copy of a letter written to him from his mother.

## DISCUSSION

1

The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81-82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States. See McCleskey v. Zant, 499 U.S. 467, 477-78 (1991). That grant of jurisdiction is presently codified at 28 U.S.C. § 2241 which permits federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001); Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). A petition filed under 28 U.S.C. § 2241 is the proper mechanism in which to challenge prison disciplinary actions and other conditions of confinement, Jiminian, 245 F.3d at 146, as long as the petitioner claims to be held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3).

However, federal prisoners must exhaust their administrative remedies prior to filing a § 2241 petition. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (citation omitted). The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-19. First, a prisoner must seek resolution of his issue through an informal grievance. Id. at § 542.13(a). If unsuccessful, the prisoner may then file a formal written complaint with the institution. Id. at § 543.13(b). If still dissatisfied, he may take an appeal to the Regional Director. Id. at § 542.15. Finally, the prisoner may appeal the Regional Director's response to the General Counsel for the Bureau of Prisons. Id. Each of these steps is generally required to satisfy the exhaustion prerequisite. A prisoner's failure to exhaust these remedies may be excused only upon a showing of "cause and prejudice." Carmona, 243 F.3d at 634; see also Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (outlining when exhaustion of remedies is not required). Here, petitioner has made no allegations regarding what steps, if any, he has taken to exhaust his administrative remedies

within the Bureau of Prisons to challenge his "illegal confinement." Indeed, petitioner argues that the exhaustion requirement is "waived." I take notice that petitioner filed this petition just one day after a March 9, 2011 hearing and therefore it is not possible that he could have exhausted his administrative remedies with respect to any claim arising from that proceeding. Finally, petitioner does not set forth any facts from which the Court can determine whether he is in custody at MDC-Brooklyn in violation of his constitutional rights and he has not named the proper respondent in a petition under § 2241, *i.e.*, the Warden at MDC-Brooklyn.

## CONCLUSION

I hereby direct petitioner to show cause by written affirmation, within thirty days from the entry of this Order, why the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 should not be dismissed for failure to exhaust his administrative remedies within the Bureau of Prisons and to provide the basis for his claim of "illegal confinement." No answer shall be required and all further proceedings shall be stayed for thirty days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**                                              /s/(BMC)

                                                             U.S.D.J.

Dated: Brooklyn, New York
       March 22, 2011